**Donald HATCH, et al., Plaintiffs,**

v.

**Craig MARSH, etc., et al., Defendants.**

**No. 90–897–Civ–J–16.**

United States District Court, M.D. Florida, Jacksonville Division.

Nov. 30, 1990.

William J. Sheppard and Matthew Farmer, Jacksonville, Fla., for Donald Hatch.

Charles D. Tobin, Jacksonville, Fla., for Television 12 of Jacksonville, Inc., and Bob Sullivan.

Marshall Wood, Fernandina Beach, Fla. and Brian T. Hayes, Monticello, Fla., for Craig Marsh.

Arthur I. Jacobs, Fernandina Beach, Fla., for defendant Martha Mitchell.

### ORDER

HOWARD T. SNYDER, United States Magistrate.

This cause came on to be heard on the Objection of Bob Sullivan and Television 12 of Jacksonville, Inc., to Subpoena Duces Tecum for Deposition and Motions to Quash Subpoena Duces Tecum for Deposition and for Protective Order (hereinafter Motions), filed October 9, 1990. Television 12 (hereinafter Channel 12) and Mr. Sullivan are not parties to the suit, but are a television station and the station's news director, respectively. They seek protection from a subpoena duces tecum for a deposition which would require them to bring, "[a]ny and all audio or videotapes of a meeting of the Nassau County School Board held on September 27, 1990." Motions at Exhibit A. In response to these motions, Plaintiffs' Motion to Compel Response to Subpoena Duces Tecum for Deposition of Bob Sullivan and Television 12 of Jacksonville, Inc., and Response to Motions to Quash Subpoena Duces Tecum for Deposition and Response to Motion for Protective Order (hereinafter Plaintiffs' Motion) was filed on October 19, 1990. A hearing on the motions was held November 28, 1990.

Channel 12 and Mr. Sullivan claim a qualified privilege provided by the first amendment to the United States Constitution for persons involved in the news gathering process. They cite primarily to *Loadholtz v. Fields*, 389 F.Supp. 1299 (M.D.Fla.1975), to support their position. In *Loadholtz*, the district court denied a request for production of a news reporter's published and unpublished documents relating to an article published in the Palatka Daily News. The Court weighed the "paramount interest served by the unrestricted flow of public information protected by the First Amendment ..." against the "interest served by the liberal discovery provisions embodied in the Federal Rules of Civil Procedure," *id.* at 1300, and based its holding on the "chilling effect" of requiring disclosure of either confidential sources or resource materials. *Id.* at 1303. The case of *United States v. Marcos*, 17 Med. Law Rptr. 2005, 1990 WL 74521 (S.D.N.Y.1990), also involved a request for production of unpublished as well as published information. It was noted that furnishing only the information which was broadcast or published could lead to questions regarding whether and to what extent the broadcast segment was edited, and whether any inconsistent statements were made but not broadcast. *Id.* at 2006. This would necessarily lead to disclosure of the nonbroadcast material. The first amendment was found to protect "the press' independence in its 'selection and choice of material for publication.'" *Id.* at 2007 (quoting *Columbia Broadcasting Sys., Inc. v. Democratic National Committee*, 412 U.S. 94, 124, 93 S.Ct. 2080, 2097, 36 L.Ed.2d 772 (1973)). "Ready obtainment by litigants of court orders compelling disclosure of outtakes and unpublished information could prompt reporters or editors to purge from publication any information they fear would excite the interest of current or prospective litigants." *Id.* The subpoena duces tecum was, therefore, ordered quashed. *Id.* at 2008.

**302**

Plaintiffs cite the Florida case of *Miami Herald Publishing Company v. Morejon*, 561 So.2d 577, 577–78 (Fla.1990), which held the qualified privilege inapplicable to a news journalist who, in connection with a news gathering mission, discovered information as a result of being an eyewitness to a relevant event in a criminal case. In *Morejon*, the Florida Supreme Court had to weigh a criminal defendant's sixth amendment right to compulsory process for obtaining favorable witnesses against the first amendment rights of the press. The court stated, "While we are mindful of the importance of a vigorous and aggressive press, we fail to see how compelling a reporter to testify concerning his eyewitness observations of a relevant event in a criminal proceeding in any way 'chills' or impinges on the newsgathering process." *Id.* at 580–81. The sixth amendment concerns of the *Morejon* court are not present here. This Court must only weigh the first amendment interest of the press—the independence in selection and choice of material for publication—against the "interest served by the liberal discovery provisions embodied in the Federal Rules of Civil Procedure." *Loadholtz*, 389 F.Supp. at 1300.

Forced compliance with the subpoena duces tecum would implicate first amendment concerns of Channel 12 and Mr. Sullivan, *Morejon* notwithstanding. As stated previously, the broadcast portion cannot be produced without opening the door to portions which were withheld from broadcast. Plaintiffs have shown no "compelling" reason for the Court to override the first amendment concerns raised by Channel 12 and Mr. Sullivan. *See Loadholtz*, 389 F.Supp. at 1302–03.

Therefore, it is hereby ORDERED AND ADJUDGED:

1. The Motions to Quash Subpoena Duces Tecum for Deposition and for Protective Order are GRANTED. Mr. Sullivan shall not be required to attend the deposition or produce the audio or videotape. The subpoena duces tecum is quashed.

2. Plaintiffs' Motion to Compel Response to Subpoena Duces Tecum for Deposition of Bob Sullivan and Television 12 of Jacksonville, Inc., is DENIED.

DONE AND ORDERED.